JOHN D. MARSHALL, Respondent, v. EDMOND J. BINGLE, *et al.*, Appellants.

### St. Louis Court of Appeals, April 29, 1889.

1. **Damages:** MALTREATMENT OF HORSE.  Evidence tending to prove that the plaintiff's horse died from the effects of excessive or fast driving by the defendants, and that the defendants discovered that the horse was sick when about one mile from the plaintiff's livery stable, and yet drove the animal four or five miles further in an opposite direction, furnishes substantial grounds for a charge of maltreatment of the animal.

2. **Evidence:** OPINION OF WITNESS.  In the absence of any foundation showing that the witness was an expert, or had some special knowledge or peculiar means of forming a correct judgment on the subject, the court properly excluded a question put to him as to " what effect, in his opinion, such driving would have had on a horse that was sound and healthy ? "

3. **Damages:** GENERAL EFFECT OF INSTRUCTIONS.  The general hypothesis upon which the plaintiff's right of recovery was based in his instructions was to the effect that the horse was healthy and in good condition when hired to the defendants, and that its death was caused by excessive driving amounting to maltreatment on the part of the defendants.  The defendants' instructions directed a finding for them, unless they failed to exercise ordinary care in driving the horse, and unless the death of the animal was caused by such failure.  There was also an instruction that the plaintiff in his contract of hiring warranted the horse to be fit and suitable for the purpose for which it was hired.  The case was thus fairly put to the jury, and no error intervened upon which the defendants can justly demand a reversal.

Marshall v. Bingle.

*Appeal from St. Louis City Circuit Court.*—Hon. LEROY B. VALLIANT, Judge.

AFFIRMED.

*Amos R. Taylor*, for the appellants.

(1) The court erred in giving the instructions asked by the plaintiff. There was no evidence of any maltreatment. The only evidence being the opinions of the plaintiff and the surgeon, that the mare died from overexertion caused by being overdriven. Yet instruction number 1 bases a recovery on either careless driving, or maltreatment. The mingling of a good ground of recovery, with one of which there is no evidence, is reversible error even if the jury are required by the instruction to find both grounds to be true in order to a recovery. It must be gross error to allow a recovery if either the good or the bad ground be found. So this court held in *Little v. McAdaras*, 29 Mo. App. 332. (2) The court erred in refusing to allow the witness, Kaiser, to testify as to the effect of such drives as defendants' proof showed would have had on a horse in sound and healthy condition. (3) It was clearly error for the court to refuse the instructions asked by the defendants to the effect that if the mare in question was apparently in good condition when starting from the stable, but in fact she was in condition such that by ordinary driving sickness would be developed, and that sickness causing death was developed by ordinary driving, plaintiff ought not to recover.

*Collins & Jamison*, for the respondent.

The evidence in this cause, which is very voluminous, goes to prove that the horse in dispute was overdriven or maltreated, and negligently treated while in

the custody of defendants.    The wording of the instruc-
tion is:    " * * *    That the defendants negligently,
wrongfully, carelessly and excessively drove or mal-
treated said team of horses while in their possession, so
that by reason thereof one of said horses died from the
effects of such maltreatment."    The definition as given
by Webster of "maltreat" is "to treat ill," "to abuse."
To drive a horse excessively is certainly a maltreatment
of the horse.    The evidence further established the fact
to be that, notwithstanding they knew the horse was
sick when within a mile of Marshall's stable, they
wrongfully and recklessly drove said horse five miles
down to the residence of Mr. Dean, on Meramec street
and five miles back to Marshall's stable.    This was not
only "maltreatment," but it was inhuman and brutal.
The third error complained of in refusing an instruction
offered by defendants is not well taken.    There is no
evidence anywhere in the record tending in any way to
show or prove that at the time the team was delivered
to the defendants the mare which died was in such con-
dition "that ordinary driving would cause her to grow
sick."    There being no evidence to sustain the instruc-
tion, it was properly refused.    *Bowen v. Railroad*, 75
Mo. 426 ; *Bonine v. City*, 75 Mo. 437 ; *Condon v. Rail-
road*, 78 Mo. 567.

BIGGS, J., delivered the opinion of the court.

This is an action for damages arising out of alleged
negligent treatment and unusual and excessive driving of
a team of horses hired by plaintiff to defendants, which
resulted in the death of one of the horses, of the value
of two hundred and fifty dollars.

The suit was instituted and tried before a justice
of the peace, where the plaintiff had judgment.
On appeal to the circuit court, the case was tried
by a jury, which again resulted in a judgment for the
plaintiff.

Marshall v. Bingle.

The defendants ( having unsuccessfully moved for a new trial ) have brought the case here for review, and assigned the following reasons why the judgment of the circuit court cannot be upheld :

*First.* Because the court committed error in giving the following instruction asked by plaintiff : "The court instructs the jury that if they believe from the evidence in this case that plaintiff on the eighth day of April, 1888, delivered and hired to defendants a certain team of horses and surrey, mentioned in plaintiff's petition, that at the time the same were delivered to defendants the said horses were in good condition and healthy, that the defendants negligently, wrongfully, carelessly, and excessively drove or maltreated said team of horses while in their possession, so that by reason thereof, one of said horses died from the effects of such maltreatment, then the jury will find for the plaintiff, and assess his damages for such sum as they may believe from the evidence said horse was worth at the time said horse was delivered to the defendants."

*Second.* Because the court refused to permit defendants' witness, " Kaiser," to give his opinion as to the effect that such a drive, as defendants' proof showed, would have had on a horse, that was sound and healthy.

*Third.* Because the court refused to give the following instruction asked by defendants : "If the jury find that the mare in question was, at the time the team was delivered to defendants, apparently well, but that at said time her condition was such that ordinary driving would cause her to grow sick, and that whilst the defendants were driving her with ordinary care, she did by reason of such condition grow sick, and afterwards died from such sickness, there can be no recovery in this case and the verdict must be for the defendants."

I.   The objection made by defendants to plaintiff's instruction is, that there is no evidence that defendants

Marshall v. Bingle.

maltreated the horse.   There was evidence tending to prove that the animal died from the effects of excessive or fast driving.   Might not this be designated as *maltreatment?*   But aside from this, defendants admit that they first discovered that the horse was sick, when driving on Boyle avenue, about one mile from plaintiff's livery stable ; that instead of driving the horse directly to plaintiff's stable, they drove a distance of four or five miles in the opposite direction, and returned the horse two or three hours afterwards.   We think this action of defendants towards the animal could very properly be called *maltreatment.*   We do not think defendants have any ground of complaint on that score.

II.   Defendants' testimony tended to prove that the horse was driven by them about thirty miles, between two o'clock in the afternoon and nine o'clock in the evening.   That they rested the team at intervals, and drove at a moderate pace.   Defendants' counsel asked a witness, "what effect, in his opinion, such driving would have had on a horse that was sound and healthy."   The court would not permit the witness to answer, for the reason that it had not been shown that the witness had any special knowledge of the subject. The witness testified that he had owned horses for two or three years and had one or two sick horses.   We do not think this witness could form any better judgment, than any member of the jury.   Expert testimony is always dangerous, and should never be resorted to, only when the subject-matter of investigation is beyond the knowledge and experience of ordinary men.   And in a proper case, it ought to be made to appear, that the witness, whose opinion is asked, possesses peculiar means of forming a correct judgment.   This assignment of error will have to be ruled against the defendants.

III.   Defendants also insist that the judgment ought to be reversed, and a new trial granted on account of the refusal to give the instruction asked by them.

Marshall v. Bingle.

Defendants' theory was that the animal died from causes, in no way attributable to fast driving by them. and this is the idea sought to be conveyed by this instruction. We think this question was fairly presented to the jury not only by plaintiff's instruction, but also by the instructions given by the court on motion of defendants. The defendants' instructions were as follows:

"Unless the jury are satisfied by a preponderance of the evidence that the defendants did not use ordinary care in driving and caring for the team mentioned in the evidence, the verdict must be for the defendants."

"The court instructs the jury that the burden of proof is on the plaintiff to establish to their (the jury's) satisfaction, by a preponderance of proof that the defendants failed to exercise ordinary care in driving and caring for the team in question whilst in their control—and second, that such *failure* to exercise such care *caused* the death of the mare sued for; and unless the jury are satisfied from the evidence of both such facts the verdict must be for the defendants."

"The court instructs the jury that if the plaintiff hired the team mentioned in the evidence to the defendants for the purpose of being driven during the afternoon and evening, then the plaintiff thereby *warranted* to said defendants that said team was ordinarily *fit* and *suitable* for said purpose; and if the defendants drove and cared for said team with ordinary care whilst under their control, there can be no recovery in this case."

The jury could not have misunderstood the law as declared by the court.

Plaintiff's instruction predicated his right to recover, on the fact that the horses were healthy and in good condition when hired to defendants. The defendants' instructions directed the jury to find for defendants, unless the defendants failed to exercise ordinary care in driving the horse and that such failure caused

King v. Ætna Ins. Co.

the death of the animal    The jurors were also instructed that the plaintiff in his contract of hiring warranted the horse to be fit and suitable for the  purpose for  which it was hired.    The instruction  refused  was  merely the expression of the same idea in a different form, and defendants  could  not  have  been  prejudiced  by its refusal.

We find no substantial error in the  record  and the judgment will therefore be affirmed.    All  the judges concur.